# Pennock *versus* Tilford.

Where a purchaser has been induced to make the purchase through the assertion by the agent of the vendor of a very material fact, which turns out to be false, and as to which the vendee had no means of obtaining correct information, he is entitled, in an action against him on the articles of agreement, where the contract has been in part complied with on his part, to a deduction from the sum claimed in the action, to the amount of the difference between the value of what he received, and what he thought he was purchasing.

ERROR to the District Court, *Philadelphia.*

This was an action of covenant, brought by John W. Tilford to the use of Tyson against Horatio B. Pennock, to recover damages for the non-fulfilment of a contract under seal, to guarantee the building of certain houses in the village of Manayunk, and county of Philadelphia, by a certain William Harney, on a lot which the latter mortgaged to the defendant, H. B. Pennock, and which mortgage the said Pennock afterwards assigned to the said John W. Tilford. Plea, Covenants performed; and afterwards special pleas were filed.

Tilford was the owner of a claim of $20,000 upon a large body of lands in Virginia; and being desirous of disposing of it, he employed Wood & Rice for the purpose. It was alleged on the part of Pennock, that they represented to him that the lands *had been sold,* and that he could realize the amount of the claim from the proceeds of the sale of the land, at furthest within nine months. Pennock purchased the claim, and paid Tilford about four thousand dollars in money, and transferred to him a number of securities, estimated at $20,000; amongst which securities was the mortgage by Harney. Pennock gave a guaranty under seal, that Harney would complete the houses which had been commenced on the lot, within one year from the date of the agreement. It was afterwards ascertained that a verbal agreement had been made for the sale of the lands, but that a dispute arose about the interest, when the papers were preparing, and the sale was not carried into effect.

On the part of the *plaintiff,* it was alleged that Wood & Rice

[Pennock *v.* Tilford.]

had not represented to Pennock that the lands had been sold, but that they had been *told* that they had been sold, and that they gave their authority for the information, viz., two persons who had received letters to that effect.  That they also added, that letters to the same effect had been received by another person, Mr. Rawlings, who was said to be the general agent for the concern, and that Pennock did not rely upon these representations, but sought information himself from the sources indicated; also, that Tilford, by order of Pennock, had assigned to Dr. Evans of Philadelphia, for value received by Pennock, the claim on the Virginia lands which had been previously sold by Tilford to him, and that the claim was in Dr. Evans before this suit was brought, and at the time of the trial.

The deposition of Wood was taken, and he stated, *inter alia*, that at the time the negotiation was going on, it was represented to him and Rice by the two persons referred to, that the land had been sold, and the money would be here in the course of ninety days.  That he did not think that they stated to Mr. Pennock that the money would be paid in ninety days; but he thought they told him they had no doubt that he would realize the money inside of six months. That he did not think they could have stated that the lands had been sold, any further than they had been informed by the persons alluded to, that they had letters to that effect.  That he believed the lands had not been sold; and that he believed it was under the assurance that the land had been sold, and that the money would be realized in six months, that Mr. Pennock was induced to purchase.  " We acted in good faith."

The deposition of Connell was taken, who, *inter alia*, stated that he was present at conversations between Pennock and Rice during the negotiations for the sale of the claim; that he understood that Rice was acting for Tilford; that it was Tilford's claim he was endeavoring to sell.  " It was said the lands were positively and absolutely sold."  " The whole matter turned on the sale of the lands, as I understood it.  During the conversations Mr. Pennock expressed some doubt about the sale of the lands, and he wished Mr. Rice to satisfy him on that point, but finally concluded to take Mr. Rice's representations in the matter.  I believe it was said that the lands were sold to an English emigrating company."  He further stated, that he believed " it was from these representations that Mr. Pennock was induced to go into the operation.  I believe so; it was my opinion at the time, gathered from the whole conversation.  Mr. Rice told us what time the payments were to be made.  There was a specific time in which Pennock was to receive his money—not more than eight months certain; I think not more than six months."

Herman testified that he had a claim on these Virginia lands. " Mr. Pennock called on me several times, sometime in the sum-

[Pennock *v.* Tilford.]

mer of 1847. I told him everything just as they stood. I told him I believed from report the lands were sold."

The evidence being closed, defendant's counsel requested the judge, before whom the cause was tried, to charge the jury:—1. That if the jury believe from the evidence that Wood & Rice acted as the brokers of Tilford in making the transaction with Pennock, he, Tilford, is bound by their representations.

2. That if they believe from the evidence that the representations so made were untrue, the plaintiff cannot recover in this action.

3. That if they believe from the evidence that it was in consequence of the statements of the said Wood & Rice, so acting as brokers for Tilford, that the lands had been sold, and that the money would be realized within six months, that Pennock was induced to sign the covenant now sued upon, and that said representations were untrue, the consideration of the covenant having failed, the plaintiff cannot recover under the pleas in this action.

4. That if they believe from the testimony that the sale of the claim of Tilford, as represented by Wood and Rice, was the sole consideration given by Tilford to Pennock, then the plaintiff cannot recover.

The three last of which points his honor negatived, and said in further answer to the second point:—The representations must have been fraudulent as well as false. There is no evidence that Tilford or his agents knew they were false.

Defendant's counsel excepted.

*Nov.* 25, 1850.—Verdict for the plaintiff for $1110.17.

It was assigned for error:—1. That the judge erred in negativing the second, third, and fourth of the defendant's points, presented on the trial of this case.

2. That the judge erred in charging, that it was necessary that the representations should have been *fraudulent* as well as false, there being no fraud alleged in the pleas as filed, except the last plea.

3. That the judge erred in charging, that it was necessary to show that the plaintiff knew the representations to be false at the time of making them.

The case was argued by *Alsop* and *Perkins*, for plaintiff in error.—Though the misrepresentation was unintentional, the consequence must fall on him who was the author of it: Tyson *v.* Passmore, 2 *Barr* 122; 3 *Rawle* 345; 5 *W. & Ser.* 483; 8 *Id.* 151. Misrepresentation, whether wilful or accidental, is a ground for reforming a deed or contract: Zentmyer *v.* Mittower, 5 *Barr*

[Pennock *v.* Tilford.]

403.  Where a contract is made under a mistake or in ignorance of a material fact, which is of the very essence of the contract, it is voidable and relievable in equity: Miles *v.* Stevens, 3 *Barr* 21.

The court will relieve in case of a mistake on the part of defendants in relation to the consideration without evidence of fraud: 3 *Peters' Con. Rep.* 616; 9 *Mass.* 408; 1 *Wend.* 362; 13 *Ves. Junior* 25.

*G. M. Wharton,* for defendant.—There was no evidence that Tilford's agents made any statements which they did not believe to be true.  The evidence was that they acted in good faith.  In this case the representation was as to a collateral fact, viz. that the lands had been reported to be sold.  The authority for the representation was given, and the party put upon inquiry.  The misconception of fact should be mutual, and of a fact which entered into the contemplation *of both parties,* as a condition of their assent.

The opinion of the court was delivered March 1, by

BLACK, C. J.—The plaintiff in error claims to be relieved from so much of his contract as remains unperformed, on the ground that he was deceived when he made it by the misrepresentations of the other party.  The reply is, that though there may have been a false statement, there was no wilful fraud; and the court below held that to be a sufficient answer.

The opinion of this court in Miles *v.* Stevens, 3 *Barr* 21, would settle the question and reverse the judgment; but we are not prepared to re-affirm the doctrines there laid down in all their length and breadth.  Nor is it necessary we should deny them, for the essential features of this case distinguish it from that one very plainly.  Here the vendor induced the vendee to make the purchase by the false assertion of a most material fact—a fact which was the motive cause of the contract, which the vendor and his agent might easily be supposed to know, but on which the vendee could know nothing, and had no means of information except what he derived from the person he was bargaining with.  In such a case, the good intentions of one party are no indemnity for the injury suffered by the other.  The vendor ought not to set up his barren and unprofitable honesty against the complaint of one whom he has misled into the purchase of wild and perhaps unsaleable lands in Virginia, when he thought he was making a contract for cash payable in six months.

The vendee might justly have demanded a rescission of the contract as soon as he discovered that the statement of the vendor's agent about the sale in England was incorrect; and this is what he ought to have done if the vendor was in a condition to restore

him what had already been paid.    As it is, he is entitled in equity to deduct from the sum claimed in this action, as much as the difference amounts to, between the value of what he received and what he thought he was buying.

Judgment reversed and a *venire de novo* awarded.