## Heastings *versus* McGee.

1. When the vendor of personal property makes fraudulent representations or is otherwise guilty of fraud in the contract, the vendee may stand to the bargain and recover damages or may rescind the contract and recover the money paid.

2. Where there is an actual disaffirmance by the vendee the title to the property is revested in the vendor.

3. In cases of fraud the vendee alone has the right to disaffirm the contract.

4. An affirmance of a contract with knowledge of the fraud of the vendor, merely extinguishes his right to rescind the sale.

5. A count for damages for the fraud and one for a rescission of the contract are repugnant.

[Heastings v. McGee.]

6. The vendee bought a horse which was fatally diseased, the vendor knowing it. In an action for deceit it was not necessary to prove an offer to return the horse.

November 3d 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county:* No. 128, to October and November Term 1870.

This was an action on the case for deceit, commenced November 20th 1868, by Joseph Heastings against John McGee.

The declaration contained but one count, viz., "that the defendant was the owner and possessor of one horse, which, if sound, was of the value of $100, but which said horse had a dangerous, contagious, incurable disease called *glanders,* which the said defendant then and there well knew, and which said disease rendered it valueless and unfit for sale, and a dangerous common nuisance; and the said defendant, craftily and subtlely, contriving and intending to cheat and defraud the said plaintiff in that behalf, did offer said horse to the said plaintiff for sale, and by deceitfully, fraudulently and unlawfully concealing the fact that said animal had said disease, and fraudulently representing to said plaintiff, and inducing him to believe that said animal was of usual and ordinary health and soundness, induced said plaintiff to buy said horse, and for the same then and there, by the means aforesaid, procured from said plaintiff the sum of $100 as the price and value of the horse aforesaid, &c., to the damage of the plaintiff," &c.

The plaintiff gave evidence to show that the horse had the glanders incurably, that the disease was contagious, and that after keeping him some days he had him killed.

There was no offer to return the horse.

The defendant requested the court to instruct the jury that the plaintiff having failed or neglected to offer to return the horse to the defendant, but on the contrary having retained and destroyed the animal without having made any such offer, cannot maintain this action for the purchase-money.

The court (Hampton, P. J.) reserved the point, and charged the jury "that if they believe the horse in question was fatally diseased at the time of the sale, and that the defendant knew it, then the plaintiff is entitled to recover the amount paid for the same, with interest from the time of sale; and if they find for the plaintiff they will so find, subject to the opinion of the court on the question of law reserved."

The jury found for the plaintiff $103.50.

The court in banc afterwards entered judgment for the defendant on the point reserved *non obstante veredicto.*

*J. Barton,* for plaintiff in error.—The action was for deceit in the sale; a return was not necessary: Borrekins *v.* Bevan, 3

[Heastings *v.* McGee.]

Rawle 23; Fraley *v.* Bispham, 10 Barr 320 ; Carson *v.* Baillie, 7 Harris 375; Lord *v.* Grow, 3 Wright 88.

*A. M. Brown*, for defendant in error, cited Pearsoll *v.* Chapin, 8 Wright 9; Turnpike Co. *v.* Comm'rs, 2 Watts 433; Staines *v.* Shore, 4 Harris 200 ; Dewey *v.* Erie, 2 Id. 211; Roth *v.* Crissy, 6 Casey 145; Summers *v.* Ritchie, Id. 147 in note; Hilliard on Sales 317, 319; Hopkins *v.* Appleby, 1 Stark. 477.

The opinion of the court was delivered, January 3d 1871, by

WILLIAMS, J.—This was an action on the case for deceit in the sale of a horse.   The jury found, under instructions of the court, that the horse was fatally diseased at the time of the sale, and that the defendant knew it, and assessed the plaintiff's damages at $103.50, subject to the opinion of the court on the question of law reserved, viz., Whether the plaintiff, having failed or neglected to offer to return the horse to the defendant, but on the contrary having retained and destroyed the animal without having made any such offer, can maintain this action for purchase-money ? On the hearing of the reserved question, the court directed judgment to be entered in favor of the defendant *non obstante veredicto*, which is the error assigned here.   Where the vendor of personal property makes fraudulent representations in regard to its value, or is otherwise guilty of fraud in making or performing the contract, the vendee has his election of remedies for the injury; he may stand to the bargain, even after he has discovered the fraud, and recover damages on account of it, or he may rescind the contract and recover back what he has paid : Sedg. Dam. 296; 2 Kent's Com. 480 note a; Westin *v.* Dormes, Douglass 23; Torrers *v.* Barrett, 1 Term R. 133; Boorman *v.* Jenkins, 12 Wend. 566; Waring *v.* Mason, 18 Id. 425; Whitney *v.* Allaire, 4 Denio 554.   In the case last cited, Jewett, J., says : "A return of the property to the vendor, or an offer to return, is in no case necessary, except to enable the vendee to withhold or recover back the price.   When there is an actual disaffirmance of the contract, the title to the property is revested in the vendor. In all cases of fraud, the vendee, who alone has the right of disaffirmance, may remain silent, and bring his action to recover damages for the fraud, or may rely on it by way of defence to the action of the vendor, although there has been a full acceptance by him, with knowledge of the defects in the property.   An affirmance of the contract by the vendee, with such knowledge, merely extinguishes his right to rescind the sale.   His other remedies remain unimpaired.   The vendor can never complain that the vendee has not rescinded. The distinction between these two forms of action, as a remedy for the fraud, is recognised in Pearsoll *v.* Chapin, 8 Wright 9, the case mainly relied on by the

[Heastings *v.* McGee.]

court below to sustain its ruling of the reserved question. There the action was assumpsit to recover back the price paid for the land, and it was held that the vendee must first tender a reconveyance. And why? Because his action was in disaffirmance of the contract, and 'he must show that he had rescinded it by doing all that was necessary and reasonably possible to restore the parties to the condition in which they were before the contract.'" If he has done this, he may waive his action of tort for the fraud, and sue in assumpsit for the money which he paid on the contract. But "he who sues for damages for the fraud," say the court, "affirms the validity of the contract: 2 Ship. 364; 4 Denio 554; or who knowingly accepts and retains any benefit under it: 7 S. & R. 63; 7 W. & S. 125; 23 Mo. 168; or who uses the property as his own after the discovery of the fraud: 13 B. Mon. 172; 22 Ala. 249." And therefore it is, that a count for damages for the fraud, and one for a rescission of the contract, are repugnant. Here the declaration is not in assumpsit to recover back the price paid for the horse, but in case to recover damages for the alleged deceit, and, as the authorities show, the plaintiff was not bound to offer to return the horse before he could maintain the action. The court therefore fell into an error in deciding that he was not entitled to recover because he had not offered to return the horse. The attention of the learned judge does not seem to have been directed to the pleadings, and he was doubtless led into the error of treating the case as an action of assumpsit to recover back the price paid for the horse by the form in which the point was presented and the question reserved. The judgment must therefore be reversed, and the cause sent back to be tried on the issue formed by the pleadings.

The gist of the action is the alleged fraud and deceit of the defendant in inducing the plaintiff to buy the horse, believing him to be of usual and ordinary health and soundness, and the plaintiff's right to recover turns on the question whether the defendant was guilty of the fraud and deceit with which he is charged. If he was not, the plaintiff is not entitled to recover, though the defendant may have known that the horse was fatally diseased at the time of the sale.

Judgment reversed, and a *venire facias de novo* awarded.