Hugh McNeile *v.* Martha H. Cridland and Élla Cridland, Appellants.

*Principal and agent—Representations by agent—Sale of real estate—Defense to purchase money mortgage.*

When an agent acts contrary to his instructions his principal will be bound by his acts which are within the scope of the authority which the agent was held out to the world to possess

In an action upon a purchase money mortgage, the case should be submitted to the jury where the evidence for the defendants tends to prove that in purchasing the mortgaged premises, defendants relied upon representations of plaintiff's agent who negotiated the sale to the effect that the house was well built on solid ground; when instead thereof it was actually erected on made ground which gradually settled to such an extent as to cause the sinking, cracking and bulging out of the front wall and other damages, and that a large expenditure of money would be required to repair the damages thus occasioned.

Argued Jan. 16, 1895. Appeal, No. 89, July T., 1894, by defendants, from judgment of C. P. No. 2, Philadelphia Co., March T., 1893, No. 70, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Scire facias sur mortgage. Before PENNYPACKER, J.

At the trial, it appeared that defendants purchased from plaintiff a house, 2220 North Sixteenth street in the city of Philadelphia, upon representations made by plaintiff's agent, William F. Locker. The substance of these representations are stated in the opinion of the Supreme Court.

The court charged as follows:

"Unfortunately, in this case, the vendee has made a purchase of a house which has not been satisfactory. If we may believe the evidence, it is described as cracked, the stairways have given away and the wall has bulged out. · We cannot under-

take to upset contracts which people make except for good reasons.  As I view the testimony in this case, the defense has not made out a case.  It is a suit upon a mortgage and no legal defense has been shown.  I instruct you, therefore, you will have to find your verdict for the plaintiff for the amount of the mortgage."

Verdict and judgment for plaintiff.  Defendants appealed.

*Error assigned* was in directing the jury to find a verdict for plaintiff for the amount of the mortgage.

*Joseph W. Shannon,* for appellant.—Locker's representations to the defendants that the house was built on solid, and not on made ground, was the actual inducement to the purchase of the property.

The defendants have made a full and complete defense by proving through their experts that the aforementioned representations are material and false in fact: Keough v. Leslie, 92 Pa. 424; McFeely v. Little, 19 W. N. C. 97; Caley v. Phila. & Chester County R. R., 80 Pa. 363.

There was a want of consideration for the bond which was given, which is a legal defense to this suit: Penn. Nat. Gas Co. v. Cook, 123 Pa. 170; Hessner v. Helm, 8 S. & R. 178.

The evidence offered by the defendants presented an issue of fact, which was a question for the jury: Gates v. Watt, 127 Pa. 20; McGrann v. Pittsburg & Lake Erie R. R., 111 Pa. 171; 12 Am. & Eng. Ency. of Law, 926, 931.

*H. Gordon McCouch,* for appellee.—The execution of the deed and mortgage was a fulfillment of all previous bona fide stipulations between the parties, and the writings by which the evidence of their agreement is to be perpetuated are supposed to contain the whole contract: Stubb v. King, 14 S. & R. 206.

The scienter must not only be alleged, but proved, and the evidence must be such as would satisfy a jury that the appellee made the alleged statement, knowing it to be false or with such conscious ignorance of its truth as to be equivalent to falsehood: Dilworth v. Bradner, 85 Pa. 238; Duff v. Williams, 85 Pa. 490; McCandless v. Young, 96 Pa. 289.

While fraud may be proved like any other fact by evidence

tending to establish its existence, yet it is a serious accusation and is not to be lightly inferred: Mead v. Conroe, 113 Pa. 220; Kern v. Middleton, 24 W. N. C. 393.

OPINION BY MR. CHIEF JUSTICE STERRERT, May 6, 1895:

In directing a verdict in favor of plaintiff for balance due on the purchase money mortgage in suit, the learned trial judge evidently proceeded on the assumption that the testimony introduced by defendants was wholly insufficient to sustain any defense whatever to plaintiff's claim or any part thereof. This assumption we think was unwarranted. The testimony referred to presents questions of fact which should have been submitted to the jury. It tends to prove, among other things, that in purchasing the mortgaged premises the defendants relied on representations made by plaintiff's agent, Locker, through whom the sale was negotiated, to the effect that the house was built on solid and not on made ground, a well-built house, etc.; that, instead of being well built and on solid ground, it soon became apparent that the house was erected on filled-in or made ground which gradually settled to such an extent as to cause the sinking, cracking and bulging out of the front wall and other resultant damages described by defendants' witnesses, and that an expenditure of seven or eight hundred dollars would be required to repair the damages, thus occasioned, and put the building in proper condition.

It is unnecessary to refer in detail to the testimony tending to prove the allegations of fact relied on by defendants. It is sufficient to say that, if believed by the jury, they would have been warranted in finding that the alleged misrepresentations were in fact made by plaintiff's agent Locker; that they were not only untrue, but, in the circumstances, they were calculated to deceive and did deceive the defendants to their injury. This being so, the case should have been submitted to the jury with proper instructions as to the law applicable to such a state of facts as defendants' testimony tended to prove. It was the exclusive province of the jury to consider and pass upon the testimony, and, if they found defendants' allegations were substantially true, then to ascertain the damages sustained by them, and, if they were less than plaintiff's claim, to deduct the same therefrom, etc.

It is well settled that the principal is bound by the acts of his agent within the scope of the authority that he is held out to the world to possess, even notwithstanding the latter acted contrary to instructions.   One who authorizes another to act for him, in a certain class of contracts, undertakes for the absence of fraud in the agent acting within the scope of his authority. Among other cases, recognizing this and kindred principles, are the following:  Brooke v. Railroad Co., 108 Pa. 529;  Smalley v. Morris, 157 Pa. 349;  Keough v. Leslie, 92 Pa. 424;  Caley v. Railroad Co., 80 Pa. 363;  Hessner v. Helm, 8 S. & R. 178; Stubbs v. King, 14 S. & R. 206;  Penn. Nat. Gas Co. v. Cook, 123 Pa. 170.   In the latter it was said:  " There is a long series of cases—some of them very recent, . . . . —that when an agent exceeds his authority, his principal cannot avail himself of the benefit of his act and at the same time repudiate his authority.   This principle rests upon the solid foundation of natural justice and common honesty."

It follows from what has been said that the learned trial judge erred in directing a verdict for the plaintiff.

Judgment reversed and a venire facias de novo awarded.