# R. H. Bellman, Appellant, *v.* Pittsburg and Allegheny Valley Railway Company.

*Practice, C. P.—Nonsuit—Evidence—Contract—Principal and agent—Corporation—Railroad.*

A peremptory nonsuit is in the nature of a judgment for defendant on demurrer to the evidence; and hence, in testing the validity of such nonsuit the plaintiff is entitled to the benefit of every inference of fact which might have been fairly drawn by the jury from the evidence before them.

It is immaterial that the evidence in support of the plaintiff's claim may be very slight, provided that it amounts to more than a mere scintilla. If there is any evidence which alone would justify an inference of the disputed facts on which his right to recover depends, it must, according to well-settled rule, be submitted to the jury.

In an action against a railway company to recover for services rendered in securing rights of way, plaintiff claimed that he was employed by a person who was an agent of the company. The evidence tended to show that the defendant opened an office, placed its name upon the door, and left the alleged agent to occupy it in such a manner that his agency might be inferred; that he represented himself as the agent of the company; and that the stockholders and officers of the company knew this, and knew that the plaintiff was employed by the alleged agent in the interest of the company. *Held*, that the question of the agency was for the jury.

While the declarations of an alleged agent are not evidence of the existence of the agency, continuous acts performed by him in and about the business of his alleged principals, and their recognition of these acts, are evidence from which an agency may be fairly inferred by a jury.

Argued May 14, 1906. Appeal, No. 162, April T., 1906, by plaintiff, from order of C. P. Armstrong Co., June T., 1905,

No. 165, refusing to take off nonsuit in case of R. H. Bellman v. The Pittsburg and Allegheny Valley Railway Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit for services. Before PATTON, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*William H. Martin*, for appellant.—The case was for the jury : The Brig Odorilla v. Baizley, 128 Pa. 283; Louden Savings Fund Society v. Hagerstown Savings Bank, 36 Pa. 498; Lamb v. Irwin, 69 Pa. 436; Fanning v. Cobb, 20 Mo. App. 577; DeBaun v. Atchison, 14 Mo. 543; Rice v. Groffmann, 56 Mo. 434; Cupples v. Whelan, 61 Mo. 583; Mechem on Agency, sec. 84.

*Walter J. Guthrie*, with him *John Q. Cochrane*, for appellee, cited: Allegheny County Workhouse v. Moore, 95 Pa. 408; Twelfth St. Market Co. v. Jackson, 102 Pa. 269; Cooper v. Lampeter Twp., 8 Watts, 125; Curry v. Cemetery Assn., 5 Pa. Superior Ct. 289; Stoystown, etc., Turnpike Road Co. v. Craver, 45 Pa. 386; Stouffer v. Latshaw, 2 Watts, 165; Elliott v. Wanamaker, 155 Pa. 67; Langenheim v. Anschutz-Bradberry Co., 2 Pa. Superior Ct. 285; Beal & Simons v. Express Co., 13 Pa. Superior Ct. 143; Ludwig v. Gorsuch, 154 Pa. 413; Slease v. Naysmith, 14 Pa. Superior Ct. 134.

OPINION BY MORRISON, J., June 30, 1906 :
The defendant is a corporation organized for the purpose of building and operating an electric railway from Pittsburg to Apollo. The plaintiff alleges that the defendant had an office in Pittsburg with the name of the corporation upon its door; that one W. W. Staub occupied this office for a long time and appeared to be in charge of it, attending to the business of the company ; that Staub represented himself to the plaintiff as agent for the defendant; that by request of Staub plaintiff performed services in attempting to procure necessary rights of way and ordinances in certain boroughs named, through

which the defendant company desired to locate its road.   There is evidence that Staub was a stockholder of the defendant and that he appeared to be in charge of the office of the corporation before, during and after the time when the plaintiff alleges he was employed by the corporation.   There is also evidence that J. D. Orr, secretary of the defendant, and a stockholder and subsequently a director, and J. Q. Cochran, another stockholder and director, and one Colonel Jackson, testified before a justice of the peace, in the presence of the plaintiff, that W. W. Staub was their agent.   It is also argued that in the affidavit of defense, sworn to and filed by J. D. Orr in this case, he said that " the defendant company was informed that there was some negotiation between the plaintiff and W. W. Staub, an employee of the defendant company."

But we are unable to find that this affidavit of defense was put in evidence and, therefore, it cannot be considered upon the pending question.   There is also evidence that the plaintiff spent some time and money in endeavoring to obtain rights of way for the defendant and that he was written to in July, 1904, by J. Q. Cochran, a stockholder and vice-president of the defendant, as follows : " R. H. Bellman.   Dear Sir : I enclose you copy of the ordinance.   I wrote W. W. McGeary at Cambridge Springs.   He has not answered yet.   I am inclined to think that he will approve the ordinance at once.   Push it along as fast as you can.   Very truly, John Q. Cochran." There is also evidence that plaintiff went often to the office of the defendant company and there reported at different times to Staub, in the presence of both stockholders and officers of the defendant, in regard to the work he was engaged in.

The plaintiff sued for his services and expenses while engaged therein, alleging that they were worth $150.   He alleged that Staub had authority to employ him and bind the company for his payment.   It must be conceded that there is a lack of clear and concise evidence of the agency of Staub, but it is not so clear that under all of the evidence a jury would not have the right to infer his authority.   The sole question here now for decision is this : Was the learned court justified in granting a compulsory nonsuit and refusing to take it off ?   In Hill v. Trust Co., 108 Pa. 1, the Supreme Court, by Mr. Justice STERRETT, said : " In our practice, a peremptory nonsuit is in

the nature of a judgment for defendant on demurrer to the evidence; and hence, in testing the validity of such nonsuit, the plaintiff is entitled to the benefit of every inference of fact which might have been fairly drawn by the jury from the evidence before them: Maynes v. Atwater, 88 Pa. 496. It is immaterial that the evidence in support of the plaintiff's claim may be very slight, provided it amounts to more than a mere scintilla. If there is any evidence which alone would justify an inference of the disputed facts on which his right to recover depends, it must, according to well-settled rule, be submitted to the jury." To the same effect is Lerch v. Bard, 153 Pa. 573; Bucklin v. Davidson, 155 Pa. 362; Bank v. Carr, 15 Pa. Superior Ct. 346.

It seems to us that from the evidence it might be inferred that some of the stockholders and some of the directors and officers of this corporation knew that the plaintiff was employed by Staub and rendering services for the defendant, and if so, the jury could infer that Staub was the agent of the corporation. From several rulings of the learned court it is to be inferred that he held the plaintiff to proof of Staub's authority by official action of the board of directors. These rulings are not excepted to and therefore we cannot reverse on them. In our opinion, the plaintiff was not bound to prove by positive evidence that the directors officially authorized Staub to employ the plaintiff. Nor was it necessary to prove that they officially ratified his act in employing the plaintiff. If they personally knew of Staub's act they should have assembled the board and disavowed such act, if unwilling to be bound by it: Kelsey v. National Bank of Crawford County, 69 Pa. 426. In The Brig Odorilla v. Baizley, 128 Pa. 283, it is stated in the syllabus: " While the declarations of an alleged agent are not evidence of the existence of the agency, continuous acts performed by him in and about the business of his alleged principals, and their recognition of these acts, are evidence from which an agency may be fairly inferred by a jury." See the opinion of Mr. Justice CLARK in that case, p. 292.

" In all cases where the authority of an agent, whether general or special, is to be implied from the conduct of the principal, or where the medium of the proof of agency is per testes, the jury are to judge of the credibility of the witnesses, and

of the implications to be drawn from their testimony; it is error for the court to decide the point as a matter of law." 1st syllabus in London Savings Fund Society v. Bank, 36 Pa. 498; see also Mechem on Agency, secs. 83 and 84; Lamb v. Irwin, 69 Pa. 436.

In the case at bar the evidence certainly is not strong, but we cannot see how the court could disregard the inferences which might reasonably be drawn from the proof.

The defendant company opened an office, placed its name upon the door and left Staub to occupy it in such a manner that his agency might be inferred, and he represented himself as the agent of the company; and it may be inferred that the stockholders and officers of the company knew this and knew that the plaintiff was employed by Staub in the interest of the defendant, and, therefore, if Staub was not in fact such agent, the company may be liable on the theory that, " Where one of two innocent persons must suffer loss by reason of fraud or deceit of another, the loss should fall upon him by whose act or omission the wrongdoer has been enabled to commit the fraud:" Syllabus of Vanderslice v. Insurance Co., 13 Pa. Superior Ct. 455; Brooke et al. v. New York, Lake Erie & Western R. R. Co., 108 Pa. 529; Chemical Co. v. Purchasing Co., 22 Pa. Superior Ct. 426; McNeile v. Cridland et al., 168 Pa. 16.

While this case is close to the border line, yet we think it was for the jury and, therefore, the learned court erred in granting a compulsory nonsuit and refusing to take it off. The second assignment of error is sustained and the judgment is reversed with a venire facias de novo.