# William E. Lake v. O. M. Weber, Appellant.

*Fraudulent misrepresentation—Credulity of other party no defense.*

However negligent a party may have been to whom an incorrect statement has been made, yet that is not ground upon which the party making the incorrect statement can stand. No man can complain that another has relied too implicitly on the truth of what he himself stated.

*Contract—Assertion of untruth—Rescission—Defense.*

To assert for truth what one professes to know and may fairly be supposed to know, but does not know it to be so, is equivalent to the assertion of a known falsehood, and may be so treated in determining the right of the other party to rescind the contract, or if the falsity of the declaration be discovered too late for that, to defend an action upon it.

*Misrepresentation as defense to a contract.*

A misrepresentation, which possibly might not be sufficient ground of an action for damages, may be sufficient to entitle the party deceived to rescind the contract or to defeat or to defend pro tanto, an action upon it.

Argued Oct. 7, 1897. Appeal, No. 64, Oct. T., 1897, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1897, No. 204, for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Assumpsit for services rendered.

It appears from the record that the plaintiff claimed $100 for services rendered the defendant in securing and obtaining for him a certain contract with one Joseph Bird.

The defendant filed the following affidavit of defense: " O. M. Weber, being duly sworn according to law, deposes and says that he is the defendant in the above case, and that he has a just and true defense to the whole of plaintiff's claim of the following nature and character, to wit: .

Deponent says that plaintiff's statement of claim filed in above case is defective, and insufficient to require an affidavit of defense, or to base a judgment upon in this : that said statement does not contain the name of defendant, and further, does not aver that any sum is " justly due " to the plaintiff, wherefore defendant demurs to plaintiff's statement of claim.

Deponent further says that on or about the latter part of July, or early part of August, 1896, the defendant (who is engaged in the making of woodwork for building operations) was requested by the plaintiff to submit an estimate for the purpose of obtaining the contract for furnishing the millwork for a church building to be erected by Joseph Bird, contractor, and plaintiff thereupon obtained the specifications, and defendant inspected them with plaintiff and commenced preparing an estimate for the millwork required by said specifications.

While defendant was engaged in going over the specifications and plans of said church in company with plaintiff, defendant came to the louver frames in tower of said church building, and was proceeding to place an estimate for the items of louver frames when plaintiff informed defendant that he (defendant) would not be required to furnish said louver frames for said tower, as said louver frames were to be copper, whereupon defendant struck from his estimate said louver frames and proceeded with said estimates, the same amounting to $2,650 after excluding the louver frames, and the estimate was then submitted to said contractor, Joseph Bird, and the contract for said millwork was therefore awarded to said defendant. After defendant entered upon the execution of this contract with said Joseph Bird, he learned that the said plaintiff had fraudulently and falsely informed defendant in regard to the louver frames not being required in the tower for the purpose of getting defendant to make the lowest possible estimate on said millwork in order that it would be accepted by said Joseph Bird, and deponent was required by said Joseph Bird to furnish the louver frames which deponent had to do at an actual cost to defendant of $110. Deponent therefore avers that he is not indebted to plaintiff in any sum whatever, but plaintiff is indebted to the defendant, and deponent will ask for a certificate against plaintiff in the sum of $10.00 at the trial of this case, that being the amount of loss which deponent suffered (after allowing credit to plaintiff in the sum of $100) by reason of plaintiff fraudulently and falsely informing deponent as to the requirements of said specifications and plans for said church.

All of which deponent avers, believes and expects to be able to prove upon the trial of this cause.

Judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*William M. Stewart, Jr.*, with him *Frederick S. Drake* and *John Sparhawk, Jr.*, for appellant.—That in order to defeat a recovery upon a contract, it is sufficient to allege that there was a fraudulent representation as to any part of that which induced the defendant to enter into the same: Brown v. Eccles, 2 Pa. Superior Ct. 192; Edelman v. Latshaw, 180 Pa. 419; Land & Improvement Co. v. Mendinhall, 4 Pa. Superior Ct. 398.

A representation is fraudulently made when made with a knowledge of its untruth; or, if in regard to a material matter, when made in ignorance of whether it is true or not: Braunschweiger v. Waits, 179 Pa. 47.

It is no answer to Weber's claim to be relieved from his promise that he might have learned the truth by inquiry: Land & River Imp. Co. v. Mendinhall, 4 Pa. Superior Ct. 398; Braunschweiger v. Waits, 179 Pa. 47.

*Charles H. Pile*, for appellee.

OPINION BY RICE, P. J., November 19, 1897:

This is an action upon the defendant's promise to pay the plaintiff $100 in consideration of the plaintiff procuring for the defendant from one Joseph Bird, the builder, a contract whereby the defendant was to furnish the necessary millwork for a certain building and was to receive the sum of $2,650 therefor.

It is difficult to state the defense without reciting at some length the material averments of the affidavit of defense, and this we think it important to do. The affidavit avers, that the plaintiff (having first come to an understanding with Bird that he, the plaintiff, should endeavor to get an estimate for a sum not exceeding $2,650, and receive a commission from the person to whom the contract might be awarded) brought the plans and specifications of the building to the defendant and requested him to make and submit an estimate on the millwork required therefor; that in making his estimate he was about to include the louver frames in the tower, and the frieze and moulding under the truss, when he was informed by the plaintiff that the former were to be made of copper and the latter of plaster, and

hence were not included in the millwork; that, relying upon this representation, and complying with the plaintiff's express request not to include these items, he omitted them from his calculation, and submitted an offer to furnish the millwork for $2,650, which included the commission of $100 to be paid to the plaintiff if the defendant's bid was accepted; that the general contractor, Bird, accepted the bid or estimate and awarded to him the contract; that after he entered upon the execution thereof he learned that the plaintiff's representation was false and was made for the express purpose of inducing him to make his estimate sufficiently low to obtain the contract; that had he not been induced by the plaintiff's false and fraudulent statements to omit the cost of these things from his estimate his bid would have been more than $2,650, and in that event the contract would not have been awarded to him—a fact which was well known to the plaintiff; and, finally, that the latter knew the amount at which the contract could be obtained by the defendant, and purposely deceived him in order that he, the plaintiff, might get the commission.

It is argued, that, even admitting the truth of all the defendant's averments, he has no defense, but must still pay the commission; and the court below so held. In this conclusion we are unable to concur.

There are several views which may be taken of this transaction. One that is well worthy of consideration is, whether the representation did not enter into the terms of the contract sued upon and form a substantive part thereof. This position is strengthened by the fact that the representation was accompanied by an express request that the defendant should omit the cost of the louver frames and the frieze and molding from the calculation. Taking this view, how can the plaintiff say that he procured for the defendant the contract that he undertook to procure, and which both parties had in mind when the defendant made his promise? It is answered that the defendant's failure to obtain a contract to furnish the mill-work, excluding these things, for $2,650, was due to his own negligence in not having the contract so drawn. But that position is not tenable; for it is distinctly averred that the contract would not have been awarded to him upon those terms. In other words, the plaintiff did not perform, and could not have performed,

what he undertook to, even if the defendant had been as vigilant as he says he ought to have been.

But assuming that the representation was not a term in the contract, and treating it as a representation merely, we fail to see why the affidavit does not present a good defense to an action for the commission, whatever may be said of its sufficiency as a statement of an independent cause of action for deceit. The representation was false; it was of a material fact of which the plaintiff professed to have knowledge and the defendant had not; to say the least, the plaintiff had a self-seeking motive for wishing that it should be believed by the defendant; it was made with the intention, and express request that it should be acted upon by the defendant; it was believed by him, and he was thereby actually induced to act upon it; and in consequence he was damaged. True, the affidavit does not distinctly aver, in so many words, that the plaintiff knew that the representation was false, but it does aver that it was fraudulently made, with the purpose to deceive and that it had that effect. In determining the effect of these facts upon the liability of the parties to the contract, it is important to notice, that we are not dealing with an action for damages based on an alleged deceit, but with the question of the right of the defendant to be relieved, to the extent that he was injured by the misrepresentation, from liability on his promise. A misrepresentation which, possibly, might not be sufficient to ground an action for damages, may be sufficient to entitle the party deceived to rescind the contract or to defeat, or defend pro tanto, an action upon it. We shall not undertake to review the law upon that subject. It is perfectly safe to say, however, that so far as the right of the promisor to defend the action is concerned it is immaterial whether the other party knew that the representation was false or made it without any knowledge upon the subject. In either case, the law, as well as the common rules of fair dealing, forbids that he should make a misrepresentation for the purpose of deceiving, which does deceive, and profit thereby to the other's injury. There are cases and this is one, where to assert for truth what one professes to know, and may fairly be supposed to know, but does not know to be so, is equivalent to the assertion of a known falsehood, and may be so treated in determining the right of the other party to rescind the contract; or if

the falsity of the declaration be discovered too late for that, to defend an action upon it: Fisher v. Worrall, 5 W. & S. 478; Bower v. Fenn, 90 Pa. 359; Braunschweiger v. Waits, 179 Pa. 47; Land Imp. Co. v. Mendinhall, 4 Pa. Superior Ct. 398; Sutton v. Morgan, 158 Pa. 204.

But it is said that, before signing the contract, the defendant should have made inquiry of the builder as to the millwork he would be required to furnish, and that he was negligent in not doing so. As between the builder and the defendant this would be true, and for that very reason the latter was compelled to furnish the louver frames, notwithstanding the fact that he was induced by the plaintiff to believe that they were to be made of copper, and therefore did not come under the head of millwork. The contractor made no representations whatever; therefore as between him and the defendant the latter could not be heard to say that he was deceived as to the requirements of the contract he signed. It is to such a case that the single decision cited by the plaintiff (Kern v. Simpson, 126 Pa. 42) applies. But how is it as between the parties to this suit? Can the plaintiff say to the defendant: " You had the plans and specifications before you when we contracted, therefore, you ought not to have believed me when I told you that the louver frames were to be made of copper and the frieze and moulding under the truss were to be made of plaster; it is your own fault if you trusted me too implicitly and complied with my express request." Clearly he could not be heard to say that, if the plans and specifications left it uncertain as to the materials of which these things were to be made; and even if the specifications showed that they were to be made of wood they were subject to such changes and modifications as the parties to the principal contract might see fit to make, and the defendant swears, in effect, that he was induced to believe that such changes had been made. Therefore, in either case, the representation was as to a fact of which the plaintiff professed to have knowledge and concerning which the defendant had no knowledge, and could acquire none from an inspection of the written plans and specifications alone. He was obliged to rely on the plaintiff's representation, or to make inquiry elsewhere. He was induced to rely on the former, and in consequence was deceived as he alleges, to his injury in a greater sum than he promised to pay the plaintiff. As was

held in Sutton v. Morgan, supra, and Land Imp. Co. v. Mendinhall, supra, his neglect, or want of prudence, cannot justify the falsehood or fraud of one who practiced upon his credulity; the doctrine of contributory negligence cannot be invoked in such a case. The defendant's failure to make inquiry of the builders may be a fact affecting the good faith of his action, but clearly it is not the basis of a positive conclusion against him: McGrann v. R. R., 111 Pa. 171.

In a rule for judgment for want of a sufficient affidavit of defense every material averment of fact in the latter must be taken as true. Observing this rule, we conclude without further discussion of the case before trial, that the affidavit was sufficient to prevent judgment.

Judgment reversed and procedendo awarded.