George R. Thompson *v.* J. W. Chambers, F. R. Megahan and G. B. Reed, trading as Chambers, Megahan & Reed, Appellants.

*Declaration or statement—Amendment.*

An amendment by way of substituting one declaration or statement for another will be allowed where the cause of action is the same.

*Sale—Alderman—Jurisdiction.*

An alderman has jurisdiction in an action of assumpsit to recover money paid under a sale rescinded by the purchaser because of misrepresentations. That damages were claimed in addition to the return of the money and that they were allowed by the alderman but not in the court of common pleas on appeal does not alter the form of action from assumpsit to deceit.

*Sale—Rescission—Misrepresentation—Remedy—Fraud.*

A sale of personal property which has been induced by false representations made by the seller may be rescinded by the purchaser upon his discovery of the misrepresentations.

To assert for truth what one professes to know and what he may be fairly supposed to know, but does not know, is equivalent to a known falsehood.

One seeking to rescind a contract for the sale of personal property and to recover the consideration which he has paid, must return what he has received in as good condition as it could have been kept with all reasonable care.

Argued February 14, 1900. Appeal, No. 11, February T., 1900, by defendants, from judgment of C. P. Lycoming Co., Dec. T., 1895, No. 409, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Assumpsit. Before METZGER, P. J.

Before the alderman plaintiff claimed the amount paid defendants for a parlor suit, $75.00, damages and expenses, $25.00; demand $100.

The facts sufficiently appear in the opinion of the court.

Counsel for plaintiff moved for leave to withdraw the declaration filed and to file a declaration in assumpsit, alleging a breach of warranty on contract.

Counsel for defendants objected, (1) because the court has no power to give the plaintiff leave to withdraw his declaration at this stage of the case; (2) because the court has no power to permit an amendment in any form that will introduce a new cause of action.

The Court: It appears from the transcript in this case that the cause of action was for damages for a breach of contract, and that therefore the declaration that is asked to be withdrawn was improperly filed; and in the opinion of the court the filing of the declaration declaring on a warranty is consistent with the cause of action which we are trying. The motion is therefore allowed, and leave given as prayed for. Bill sealed for defendants. [1, 2]

The trial court charged in part as follows:

[Now, if this be true that they misrepresented this furniture in that way; if he did not get what he purchased; if they knowingly sold him something different from what he intended to purchase, it was such a fraud on him as would entitle him to rescind the contract and return the furniture and be entitled to his money back, and if they did not pay it he would have a right

to sue.   Of course, in order to constitute such a fraud as would entitle him to a rescission of the contract, they must have knowingly misrepresented this furniture—knowingly done so.   If a man would say to you, for instance, that he knew a certain thing to be of a certain quality, he is presumed to know it.   If he did not know it, he has no business to say so.   In that case he would be held to the same rule as if he did not know what he was talking about.   But where a man would not say he knew a certain article to be of a certain quality or a certain kind, but would simply represent that it was, then you must say that he had knowledge of it not being as he represented it to be, before it would constitute such a fraud as would entitle the defendant to a rescission of the contract.   Now, under this state of the law, and under the evidence in this case, was there such a fraud perpetrated upon the plaintiff in this case by the defendant in selling him this parlor suit, as entitled him to rescind it?   If there was, then, as I said, he had a right to rescind it.] [3]

\*     \*     \*     \*     \*     \*     \*     \*

[If, however, on the other hand, the defendants did not deceive him, did not perpetrate a fraud on him in making this sale—that is, did not knowingly misrepresent to him or did not make any representation they knew nothing about, then he could not rescind, and he could not recover in this case, and then your verdict would be for the defendants.] [4]

Defendants' points and the answers thereto were as follows:

[1. The declaration and statement of the plaintiff's claim, filed in this court on December 9, 1895, and November 17, 1896, respectively, show the action in this case to be in deceit.   *Answer:* We cannot so instruct you.   The declaration as we read it, after carefully looking at it, is not a declaration in deceit, but is a declaration to recover back the money that he paid on this contract after he had elected to rescind the contract, and did rescind it, according to his theory of the case.] [5]

[2. The alderman before whom this action was brought, and on appeal from whose judgment it is now pending in this court, had no jurisdiction of this action, and there cannot be a verdict for the plaintiff.   *Answer:* We refuse to affirm this point.] [6]

[3. The verdict must be for the defendants.   *Answer:* This point is refused.] [7]

Verdict for plaintiff for $81.23.   Defendants moved for an

arrest of judgment, because the transcript of the alderman and the proceedings had in court, show, on the face of the record, that this is an action of deceit, of which said alderman and this court on said appeal have no jurisdiction.

[The Court: Motion in arrest of judgment overruled and a new trial refused.] [8]

Judgment entered on the verdict.

*Errors assigned* among others were (1, 2) the substitution of the new declaration for the one previously filed. (3–7) Above instructions, reciting them. (8) Overruling motion in arrest of judgment. (9) Entering judgment for plaintiff.

*T. M. B. Hicks,* for appellants, cited Collins v. Collins, 37 Pa. 387; Peter v. Schlosser, 81 Pa. 439; Deihm v. Snell, 119 Pa. 316; Hill v. Tionesta Township, 129 Pa. 525; Gates v. Bloom, 149 Pa. 107; Pearsoll v. Chapin, 44 Pa. 9; McFarland v. Newman, 9 Watts, 55; Stetson v. Croskey, 52 Pa. 230; Heastings v. McGee, 66 Pa. 384; Smith v. Bellows, 77 Pa. 441; Guffey v. Clever, 146 Pa. 548; Bright v. Getz, 81* Pa. 144; Canan v. McCamy, 1 Penny. 397; Erie City Iron Works v. Barber, 118 Pa. 6; Act of March 20, 1810, 5 Sm. L. 161; Zeigler v. Gram, 13 S. & R. 102; Zell v. Arnold, 2 P. & W. 292.

To the same general effect: Seitzinger v. Steinberger, 12 Pa. 379; Schaffer v. McNamee, 13 S. & R. 44; Eason v. Smith, 8 S. & R. 343; Hertzog v. Hertzog, 29 Pa. 465; McIntyre Twp. v. Walsh, 137 Pa. 302; Burkholder v. Beetem, 65 Pa. 496; McCandless v. Young, 96 Pa. 289; Dilworth v. Bradner, 85 Pa. 238; Boyd v. Browne, 6 Pa. 310; Huber v. Wilson, 23 Pa. 178; Bokee v. Walker, 14 Pa. 139; Duff v. Williams, 85 Pa. 490; Cox v. Highley, 100 Pa. 249; Kern v. Simpson, 126 Pa. 42; Griswold v. Gebbie, 126 Pa. 353; Lamberton v. Dunham, 165 Pa. 129.

*John J. Reardon,* for appellee, cited Pearsoll v. Chapin, 44 Pa. 9; Iron Works v. Barber, 118 Pa. 6; Smith v. Bellows, 77 Pa. 441.

OPINION BY BEAVER, J., March 21, 1900:

Plaintiff purchased furniture from the defendants, upon the alleged representation by defendants that they knew the mate-

rials with which it was upholstered, and that this accounted for the price which was larger than that of other furniture which seemed to the plaintiff of equal quality. Plaintiff paid the price, took the furniture and later discovered that it was not what was represented. After an unsatisfactory effort to adjust the difficulty, he re-shipped the furniture to the defendants, notifying them of the fact. The plaintiff had a legal right to rescind the contract. "An executed contract may be rescinded for the fraudulent representations of a party or his agent whereby it was induced; and to assert for truth what one professes to know and may fairly be supposed to know, but does not know to be true, is equivalent to the assertion of a known falsehood and may be so treated in determining the right of the other party to rescind the contract." 3 P. & L. Dig. of Dec. 4481; Pl. 1921–1925. The plaintiff seems to have lost no time in re-shipping the property after the discovery of the inferior character of the goods. He brought his suit before an alderman in assumpsit and claimed money paid for the furniture returned, $75.00, and damages and expenses, $25.00, which were allowed. Defendants claim that this was in effect an action of deceit and that, inasmuch as the alderman had no jurisdiction of such an action, the plaintiff could not recover in this case, which was an appeal from his judgment. The action, it is true, was based upon the alleged misrepresentation of the defendants, but it was an action of assumpsit which, in view of the rescission of the contract, was the proper remedy; the claim was for the money paid for the property, which was proper in an action of assumpsit. It is true that damages and expenses were claimed by the plaintiff and allowed by the alderman, but they were not allowed in the final judgment, and the mere fact that such claim and allowance were made did not change the character of the action. After appeal the plaintiff was allowed on the first trial of the case to amend his declaration or, in fact, to substitute a new declaration for the one previously filed. Both the original and amended declarations were in assumpsit, the former being upon a warranty and the latter for the recovery of the amount paid for the goods by reason of the rescission of the contract. In Smith v. Bellows, 77 Pa. 441, the original suit was in assumpsit. The plaintiff was afterwards permitted to declare in tort for deceit. It was held there that the amend-

ment was properly allowed, because the cause of action was the same. So in Wilhelm's Appeal, 79 Pa. 120. " The limit of the power of amendment always has been and still is that no new cause of action can be introduced and engrafted upon the original declaration." Whether plaintiff claimed upon the warranty contained in the original contract of sale or by virtue of his rescission of the contract, the substantial ground of recovery was the same and rested upon the original contract. We can see no error in the allowance of the amendment. This disposes of the first, second, fifth, sixth, eighth and eleventh specifications of error.

The portions of the charge of the court below assigned for error contained nothing of which the defendants had any reasonable right to complain. The gravamen of these assignments of error is that a misrepresentation as to a material fact about which the defendants knew nothing, at the same time alleging that they had knowledge of the fact, which afterwards proved to be untrue, was equal to their having knowingly misrepresented. We cannot regard this as error. As was said by the President Judge of this court in Lake v. Weber, 6 Pa. Superior Ct. 42, " A misrepresentation which possibly might not be sufficient to ground an action for damages may be sufficient to entitle the party deceived to rescind the contract or to defeat or defend pro tanto an action upon it. It is perfectly safe to say, however, that so far as the right of the promissor to defend the action is concerned, it is immaterial whether the other party knew that the representation was false or made it without any knowledge upon the subject. In either case the law as well as the common rules of fair dealing forbids that he should make a misrepresentation for the purpose of deceiving, which does deceive and profit thereby to the other's injury. There are cases, and this is one, where to assert for truth what one professes to know and may fairly be supposed to know, but does not know to be so, is equivalent to the assertion of a known falsehood and may be so treated in determining the right of the other party to rescind the contract or, if the falsity of the declaration be discovered too late for that, to defend an action upon it." See cases there cited. The court below, it seems to us, went no farther than this, and to hold the contrary would be destructive of all fair dealing. It is true that " A party

seeking to rescind a contract must take back what he has received under it and do all in his power to place the parties on the footing they occupied previous to contract, but such tender must be made with the intention and for the purpose of rescinding the contract, and what has been received under the contract must be tendered back in as good condition as it could have been kept with all reasonable care." · 3 P. & L. Dig. of Dec. 4499; Pl. 1971–79. All this the plaintiff seems to have done, and was, therefore, in a position to recover back what he had parted with, which, with interest, was what was allowed in this case. On a consideration of the whole case we cannot see that any error was committed, and the judgment is, therefore, affirmed.